UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DIJON TOWNSEND,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MARCUS MANAGEMENT, *et al.*,<br><br>　　　　　Defendants. | Case No. 24-cv-12581<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS (ECF NO. 30), DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE (ECF NO. 29), AND DENYING AS MOOT PLAINTIFF'S MOTIONS FOR ESTOPPEL, FOR APPOINTMENT OF AN EXPERT, AND TO EXCUSE THE CONCURRENCE REQUIREMENT (ECF NOS. 32, 36, 38)**

Plaintiff Dijon Townsend, proceeding pro se, moves to strike defendants' motion to dismiss his claims. ECF No. 30. He argues that the motion is untimely and that defendants improperly sought concurrence and moved for dismissal after engaging in settlement discussions.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ P. 12(f). Although considered a drastic remedy that is disfavored, striking a pleading is appropriate to "avoid the expenditure of time and money that

must arise from litigating spurious issues." *Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (cleaned up).

Defendants' motion to dismiss was timely.  Because they were served on January 31, 2025, the deadline for filing an answer or other responsive pleading was February 21, 2025.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i).  And Rule 12(b) authorizes defendants to seek dismissal in lieu of a responsive pleading.  Defendants filed their motion on the February 21 deadline.  ECF No. 28.

Townsend's other arguments are equally frivolous.  Defendants stated that they requested Townsend's concurrence in the motion, which was not given.  *Id.*, PageID.216.  Townsend maintains that defendants failed to respond to his request for clarification of the basis of the motion.  Even if that is true, Townsend has not shown that he was prejudiced or that he would have concurred in the motion.  *See Spicer v. Michigan*, No. 2:19-cv-13718, 2021 WL 2823092, at *3 (E.D. Mich. July 7, 2021); *United States v. Nero*, No. 17-cr-20183-5, 2020 WL 7316108, at *2 (E.D. Mich. Dec. 11, 2020).  Last, Townsend offers no authority that a party may not file a dispositive motion simply because it engaged in settlement discussions,

short of making an offer or reaching a formal settlement.  Thus, Townsend's motion to strike is **DENIED**.

Several other motions remain pending, including defendants' motion to strike Townsend's pre-service motions and to stay the proceedings (ECF No. 29) and Townsend's motions for estoppel (ECF No. 32), for appointment of an expert (ECF No. 36), and to excuse the concurrence requirement (ECF No. 38).  Given the Court's recommendation to dismiss the action, these motions are **DENIED** as moot.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 12, 2025

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

3

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 12, 2025.

                                          s/Davon Allen
                                          DAVON ALLEN
                                          Case Manager